**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**SHARON S. MERRIWEATHER**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Deputy Attorney General*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**DEPARTMENT OF THE ENVIRONMENT**

**ANTHONY G. BROWN**
*Attorney General*

**ANDREA S. BAKER**
*Principal Counsel*

**MICHAEL F. STRANDE**
*Deputy Principal Counsel*

**PETER V. BERNS**
*General Counsel*

**DORIS N. LANGE**
*Assistant Attorney General*

September 9, 2026

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: *Maryland Building Industry Association v. Serena Coleman*, No. 26-1552

Dear Ms. Anowi:

This letter responds to the plaintiffs' notice of supplemental authority (ECF 50) regarding *Colorado Apartment Association v. Ryan*, No. 24-cv-01093 (D. Colo. Aug. 21, 2026). The opinion, which is a magistrate judge's recommendation to which four sets of objections have been filed, does not support reversal here even on its own terms.

First, consistent with the Secretary's position here, the magistrate judge's recommendation agrees with the Second Circuit's interpretation of "energy use" in *Association of Contracting Plumbers of the City of New York, Inc. v. City of New York*, 180 F.4th 434 (2026), and rejects the Ninth Circuit's in *California Restaurant Association v. City of Berkeley*. 89 F.4th 1094 (2024). Op. 26-28; *see* Appellees' Br. 35-36.

Second, the recommendation's reasoning otherwise confirms that Maryland's BEPS regulation is not preempted. The recommendation's preemption analysis turns on the Colorado regulation's imposition of building-wide energy caps and

1800 Washington Blvd, Suite 6048 ❖ Baltimore, Maryland 21230
(410) 537-3048 ❖ (888) 743-0023
oag.maryland.gov

explicitly rejects preemption for emissions limits. Op. 37 (reasoning that "regulations concerning greenhouse gas emissions are *not* preempted by the EPCA," even though "regulations imposing building-wide energy reductions very well could be" (emphasis in original)); *see* Op. 32 ("[E]ach court to consider similar EPCA preemption challenges . . . has considered a different style of regulation than those at issue here."). Unlike the Colorado regulation, the BEPS regulation limits emissions, not energy use.

Third, contrary to the plaintiffs' contention (ECF 50, at 2), the recommendation is inconsistent with the premise that CO2e emissions serve as a proxy for gas appliance energy use. Op. 29. Adopting the reasoning of *Association of Contracting Plumbers*, the magistrate judge determined that a "proxy" requires an "equivalency," and that there is no equivalency between the type of energy an appliance uses and that appliance's energy use. Op. 30. A fortiori, there is no equivalency between pollutant emissions (the subject of the BEPS regulation) and energy use. *See* Appellees' Br. 27-29.

Respectfully submitted,

/s/ Doris N. Lange

Doris N. Lange